IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EMMA CUNNINGHAM | * | |
| Plaintiff | * | Case No.  05-CV-1693 |
| v. | * | |
| NEW CENTURY MORTGAGE CORPORATION, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

ANSWER OF DEFENDANT
NEW CENTURY MORTGAGE CORPORATION
TO COMPLAINT OF PLAINTIFF EMMA CUNNINGHAM

Defendant, New Century Mortgage Corporation ("New Century"), by its undersigned counsel and pursuant to Fed R. Civ. P. 12, answers the complaint filed against it (the "Complaint") by Plaintiff, Emma Cunningham, through her court-appointed conservator ("Plaintiff," or "Ms. Cunningham"), as follows.

GENERAL DENIAL OF LIABILITY

New Century generally denies any liability whatsoever to Plaintiff, whether on the grounds asserted in the Complaint or on any other grounds.

RESPONSES TO SPECIFIC AVERMENTS

1.      New Century denies the allegations in paragraph I.1 of the Complaint.

2.      New Century lacks information sufficient to form a belief as to the truth of the allegations of paragraph II.1(a) of the Complaint, and so denies all such allegations.

3.      New Century lacks information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph II.1(b) of the Complaint, and so denies all such

allegations. The second sentence of paragraph II.1(b) of the Complaint consists of conclusions of law, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

4. New Century lacks information sufficient to form a belief as to the truth of the allegations of paragraph II.2 of the Complaint, and so denies all such allegations.

5. With respect to the allegations of paragraph II.3 of the Complaint, New Century admits that a document titled "Gift Deed" has been attached to the Complaint as Exhibit A. With respect to the content and legal effect (if any) of that document, New Century states that the document speaks for itself.

6. New Century admits the allegations of the first sentence of paragraph II.4 of the Complaint. New Century also admits that documents titled "Refinance Deed of Trust" and "Adjustable Rate Note" have been attached to the Complaint as Exhibits B-1 and B-2, respectively. With respect to the content and legal effect (if any) of those documents, New Century states that the documents speak for themselves. New Century lacks information sufficient to form a belief as to the truth of the allegations in paragraph II.4 of the Complaint regarding signatories to the documents referred to in that paragraph, and so denies such allegations. New Century denies any allegations in paragraph II.4 of the Complaint that have not been specifically addressed in this paragraph.

7. New Century lacks information sufficient to form a belief as to the truth of the allegations of paragraph II.5 of the Complaint, and so denies all such allegations.

8. With respect to the allegations of paragraph II.6 of the Complaint, New Century states that the referenced document speaks for itself.

9. With respect to the allegations of paragraph II. 7 of the Complaint, New Century admits that Premier (as defined in the Complaint) was the loan broker and underwriter for the Loan (as defined

in the Complaint). New Century lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph II.7 of the Complaint, and so denies all such allegations.

10. With respect to the allegations of paragraph II.8 of the Complaint, New Century admits that Pinnacle (as defined in the Complaint) conducted the settlement at which the referenced documents were executed. New Century lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph II.8 of the Complaint, and so denies all such allegations.

11. Paragraph II.9 of the Complaint presents a hypothetical, to which no response is required. To the extent that a response is deemed required, New Century lacks information sufficient to form a belief as to the truth of the allegations of paragraph II.1(a) of the Complaint, and so denies all such allegations.

12. New Century lacks information sufficient to form a belief as to the truth of the allegations of the first two sentences of paragraph III.1 of the Complaint, and so denies all such allegations. With respect to the remaining allegations of paragraph III.1 of the Complaint, New Century admits that a document appearing to be a letter from a "Patricia Harris, MD MS" has been attached to the Complaint as Exhibit C. New Century, without admitting that the document is what it appears or purports to be, states that the document speaks for itself.

13. New Century lacks information sufficient to form a belief as to the truth of the allegations of paragraph III.2 of the Complaint, and so denies all such allegations. In particular, New Century denies that (a) Ms. Cunningham suffered from any mental disease, (b) that Ms. Cunningham lacked mental capacity, and (c) that any alleged mental disease caused any alleged incapacity.

14. New Century denies the allegations of paragraph III.3 of the Complaint.

15. New Century lacks information sufficient to form a belief as to the truth of the allegations of paragraph III.4 of the Complaint concerning what any other person or entity knew, and

so denies all such allegations. Allegations concerning what other people or entities should have known are conclusions of law, to which no response is required. To the extent that a response to such allegations is deemed necessary, New Century denies all such allegations. With respect to the allegations of paragraph III.4 of the Complaint concerning what New Century knew or should have known, New Century denies all such allegations.

16. New Century denies the allegations of paragraph III.5 of the Complaint.

17. New Century lacks information sufficient to form a belief as to the truth of the allegations of paragraph III.6 of the Complaint, and so denies all such allegations.

18. New Century denies the allegations of paragraph III.7 of the Complaint concerning what it knew or should have known. With respect to the allegations of such paragraph regarding what Premier should have known, New Century lacks information sufficient to form a belief as to the truth of such allegations, and so denies all such allegations.

19. New Century denies the allegations of paragraph III.8 of the Complaint.

20. New Century lacks information sufficient to form a belief as to the truth of the allegations of paragraph III.9 of the Complaint, and so denies all such allegations.

21. New Century lacks information sufficient to form a belief as to the truth of the allegations of paragraph III.10 of the Complaint, and so denies all such allegations.

22. New Century lacks information sufficient to form a belief as to the truth of the allegations of paragraph III.11 of the Complaint, and so denies all such allegations.

23. New Century denies the allegations of paragraph III.12 of the Complaint concerning what it knew or should have known. With respect to the allegations of such paragraph regarding what Premier should have known, New Century lacks information sufficient to form a belief as to the truth of such allegations, and so denies all such allegations.

24. New Century lacks information sufficient to form a belief as to the truth of the allegations of paragraph III.13 of the Complaint, and so denies all such allegations.

25. New Century lacks information sufficient to form a belief as to the truth of the allegations of paragraph III.14 of the Complaint, and so denies all such allegations.

26. New Century denies all allegations of paragraph III.15 of the Complaint concerning alleged acts or omissions by New Century. With respect to the allegations of paragraph III.15 of the Complaint concerning conduct by other parties, New Century lacks information sufficient to form a belief as to the truth of such allegations, and so denies all such allegations.

27. With respect to the allegations of paragraph III.16 of the Complaint, New Century states that (a) the referenced document speaks for itself, and (b) the allegation concerning powers held by defendant Ornstein is a conclusion of law, to which no response is necessary. To the extent that a response is necessary, New Century denies the allegation.

28. New Century lacks information sufficient to form a belief as to the truth of the allegations of paragraph III.17 of the Complaint, and so denies all such allegations.

29. New Century admits that the Loan is in default. New Century lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph III.18 of the Complaint, and so denies all such allegations.

30. New Century admits that Plaintiff did not sign the Note (as defined in the Complaint). New Century also admits that the Property (as defined in the Complaint) secures the Note. New Century lacks information sufficient to form a belief as to the truth of Plaintiff's allegations concerning non-receipt of funds, and so denies all such allegations. With respect to the remaining allegations of paragraph III.19 of the Complaint, New Century denies that it either (a) acted fraudulently with respect to any party to this transaction, or (b) intended to act fraudulently with respect to any party to this

5

transaction. New Century lacks information sufficient to form a belief as to the allegations of paragraph III.19 of the Complaint concerning conduct of other people or entities, and so denies all such allegations.

31. New Century denies all allegations of paragraph III.20 of the Complaint concerning knowledge, conduct, or omission by New Century. New Century lacks information sufficient to form a belief as to the allegations of paragraph III.20 of the Complaint concerning knowledge, conduct, or omission of other people or entities, and so denies all such allegations.

32. New Century denies the allegations in paragraph III.21 of the Complaint.

33. New Century denies all allegations of paragraph III.22 of the Complaint concerning knowledge, conduct, or omission by New Century. New Century lacks information sufficient to form a belief as to the allegations of paragraph III.22 of the Complaint concerning knowledge, conduct, or omission of other people or entities, and so denies all such allegations.

34. New Century admits that (a) Pinnacle conducted the settlement referenced in paragraph III.23 of the Complaint, and (b) that a settlement sheet has been attached to the Complaint as Exhibit D. New Century lacks information sufficient to form a belief as to the remaining allegations of paragraph III.23 of the Complaint, and so denies all such allegations.

35. New Century lacks information sufficient to form a belief as to the allegations of paragraph III.24 of the Complaint, and so denies all such allegations.

36. The allegations of paragraph III.25 of the Complaint consist either of conclusions of law, to which no response is required, or of allegations concerning conduct, knowledge or omission by people or entities other than New Century, as to the truth of which allegations New Century lacks information sufficient to aver. Accordingly, New Century denies the allegations of paragraph III.25 of the Complaint.

37. Paragraph III.26 of the Complaint consists of a conclusion of law, to which no response is required. However, to the extent that a response is deemed necessary, New Century denies the allegations of paragraph III.26 of the Complaint.

38. New Century admits that it regularly extends or offers to extend credit of the sort described in paragraph III.27 of the Complaint, *except* to the extent that paragraph III.27 characterizes such credit as "consumer" credit. Such a characterization is a conclusion of law, to which no response is required. To the extent that a response is deemed necessary, New Century denies this allegation.

39. New Century admits that the Note was initially payable to it. The remainder of the allegations of paragraph III.28 of the Complaint are conclusions of law, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies such remaining allegations.

40. Paragraph III.29 of the Complaint consists of a conclusion of law, to which no response is required. However, to the extent that a response is deemed necessary, New Century denies the allegations of paragraph III.29 of the Complaint.

41. Paragraph III.30 of the Complaint consists of a conclusion of law, to which no response is required. However, to the extent that a response is deemed necessary, New Century denies the allegations of paragraph III.30 of the Complaint.

42. New Century denies the allegations in paragraph III.31 of the Complaint.

43. With respect to the allegations in paragraph IV.A.1 of the Complaint, New Century incorporates herein each of its responses to the paragraphs incorporated by reference into that paragraph of the Complaint.

44. Paragraph IV.A.2 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to

which a response is deemed necessary.

45. Paragraph IV.A.3 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

46. Paragraph IV.A.4 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

47. With respect to the allegations in paragraph IV.B.1 of the Complaint, New Century incorporates herein each of its responses to the paragraphs incorporated by reference into that paragraph of the Complaint.

48. Paragraph IV.B.2 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

49. Paragraph IV.B.3 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

50. Paragraph IV.B.4 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

51. Paragraph IV.B.5 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

52. Paragraph IV.B.6 of the Complaint consists of a prayer for relief, to which no response

is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

53. With respect to the allegations in paragraph IV.C.1 of the Complaint, New Century incorporates herein each of its responses to the paragraphs incorporated by reference into that paragraph of the Complaint.

54. Paragraph IV.C.2 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

55. Paragraph IV.C.3 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

56. Paragraph IV.C.4 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

57. Paragraph IV.C.5 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

58. Paragraph IV.C.6 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

59. Paragraph IV.C.7 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

60. New Century denies the allegations of paragraph IV.D.1 of the Complaint.

61. Paragraph IV.D.2 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

62. Paragraph IV.D.3 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

63. New Century denies the allegations of paragraph IV.E.1 of the Complaint.

64. Paragraph IV.E.2 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

65. Paragraph IV.F.1 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

66. Paragraph IV.F.2 of the Complaint consists of a prayer for relief, to which no response is necessary. To the extent that a response is deemed necessary, New Century denies all allegations to which a response is deemed necessary.

## DENIAL OF ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED

67. New Century denies all allegations of the Complaint, whether factual, legal, or otherwise, and whether expressed or implied, that it has not specifically and expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

68. Plaintiff's claims are barred by the applicable statute of limitation.

69. Plaintiff is not entitled to the relief that she seeks because of the doctrine of unclean hands.

70. Plaintiff's claims are barred by the doctrine of laches.

71. Plaintiff's claims are barred by the doctrine of waiver.

72. Plaintiff's claims are barred by her own fraud.

73. Plaintiff lacks standing to assert the stated claims.

74. Plaintiff's conservator lacks standing to press Plaintiff's claims on her behalf.

75. Plaintiff's claims are barred by the statute of frauds.

76. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

77. Plaintiff's claims are barred by the doctrine of res judicata.

78. Plaintiff's claims are barred by the doctrine of collateral estoppel.

79. Plaintiff's claims are barred by the doctrine of payment.

80. Plaintiff's claims are barred by the doctrine of account stated.

## RESERVATION OF CLAIMS AND DEFENSES

81. New Century reserves the right to assert any other right, claim, or defense that it may have, in equity or at law, as well as (a) any defenses that are or may be asserted by any other party to this action and (b) any defenses that become available to any party during the course of this litigation.

WHEREFORE, Defendant, New Century Mortgage Corporation, respectfully requests that this Court:

    A.    dismiss the Complaint with prejudice,

    B.    enter judgment in its favor and against Plaintiff, Emma Cunningham, and

    C.    grant it such other and further relief as the nature of its cause may require.

        /s/ Adam M. Spence
Adam M. Spence, Esq.
D.C. Unified Bar No. 455836
The Law Offices of Adam M. Spence, P.C.
105 W. Chesapeake Avenue, Suite 400
Towson, MD 21204
Phone: (410) 823-1881
Fax: (443) 836-9181
*Attorneys for Defendant*
  *New Century Mortgage Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 31st day of August, 2005, a copy of the foregoing *Answer Of Defendant New Century Mortgage Corporation To Complaint Of Plaintiff Emma Cunningham* was sent via regular U.S. Mail, postage pre-paid, to:

Robert Bunn, Esq.
910 17th Street, N.W.
Suite 800
Washington, D.C., 20006-2606
*Conservator for Plaintiff, Emma Cunningham.*

Brian L. Moffet, Esq.
Catherine Bledsoe, Esq.
Gordon, Feinblatt, Rothman, Hoffberger
  & Hollander, LLC
The Garrett Building, 233 East Redwood Street
Baltimore, Maryland 21202
*Attorneys for Defendant Premier Financial Company*

Leo A. Roth, Esq.
Brault Graham
110 South Washington Street
Rockville, Maryland 20850
*Attorney for Defendant Pinnacle Title and Escrow, Inc.*

Matthew J. MacLean.
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
*Attorney for Defendants Stephen F.J. Ornstein
  and Saxon Mortgage Services, Inc.*

John Cunningham
6858 West Forest Road
Hyattsville, MD 20785
*Defendant pro se*

        /s/ Adam M. Spence
        Adam M. Spence