IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMA CUNNINGHAM, | ) |
| Plaintiff, | ) Case No. 05-CV-1693 |
| v. | ) |
| NEW CENTURY MORTGAGE CORPORATION, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS SAXON MORTGAGE SERVICES, INC.
AND STEPHEN F.J. ORNSTEIN'S MOTION TO DISMISS**

Defendants Saxon Mortgage Services, Inc. ("Saxon") and Stephen F.J. Ornstein, Esq. ("Ornstein") hereby move this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint for Declaratory Judgment, Injunctive, and Other Relief (the "Complaint") for failure to state a claim on which relief can be granted and for failure to plead fraud with particularity. Defendants further move for such other relief as the Court may deem appropriate.

A memorandum in support of this motion and a draft order are submitted herewith.

Date:  September 20, 2005                    Respectfully submitted,

                                              SAXON MORTGAGE SERVICING, INC.,
                                              STEPHEN F.J. ORNSTEIN, ESQ.
                                              By Counsel

_____/s/ Deborah B. Baum_____
Deborah B. Baum, P.C.  (DC Bar No. 393019)
Matthew J. MacLean  (DC Bar No. 479257)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, NW
Washington, DC  20037-1128
Telephone:  202-663-8000
Facsimile:  202-663-8007

Counsel for Saxon Mortgage Servicing, Inc.,
and Stephen F.J. Ornstein, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EMMA CUNNINGHAM, | ) | |
| Plaintiff, | ) ) ) | Case No. 05-CV-1693 |
| v. | ) ) ) | |
| NEW CENTURY MORTGAGE CORPORATION, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS SAXON MORTGAGE SERVICES, INC. AND STEPHEN F.J. ORNSTEIN'S MOTION TO DISMISS**

The relief sought by Plaintiff Emma Cunningham ("Ms. Cunningham"), is based almost entirely on allegations of fraud on the part of the Defendants. As to Defendants Saxon Mortgage Services, Inc. ("Saxon"), and Stephen F.J. Ornstein, Esq. ("Ornstein"), the Complaint for Declaratory Judgment, Injunctive, and Other Relief (the "Complaint") fails to state fraud with particularity as required by Fed R. Civ. P. 8(b). Accordingly, Counts I, II, III, and VI of the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

As to Counts IV and V, which allege that New Century failed to make disclosures under the federal Truth in Lending Act and the D.C. Usury Law, the Complaint is likewise insufficient, because it fails to identify what information was not disclosed or why such information was material. Accordingly, those counts should also be dismissed.

**Facts**

For the purpose of a motion to dismiss, facts well pleaded must be taken as true. "However, the court need not accept inferences drawn by plaintiffs if such inferences are

unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The thrust of the Complaint is that Defendants somehow entered into a "scheme" with Ms. Cunningham's grandson, John Cunningham ("Mr. Cunningham"), and defrauded her into conveying an interest in the Property to Mr. Cunningham and into conveying a deed of trust on the Property as security for a loan from New Century to Mr. Cunningham. *See* Complaint at ¶¶ III.3, 8, 12, and 14. However, the Complaint is completely bereft of any facts as to how Ms. Cunningham was defrauded. *See id.*

Ms. Cunningham was the sole owner of 911 Evarts Street, N.E., Washington, DC (the "Property"). *See id.* at ¶ II.1(a). On December 20, 2004, Ms. Cunningham conveyed the Property by deed to herself and Mr. Cunningham as joint tenants. *See id.* at Ex. A. That deed was witnessed and acknowledged before a notary. *See id.* On the same day, Mr. Cunningham borrowed $120,000.00 from New Century and signed a promissory note in that amount. *See id.* at Ex. B-2. The note was secured by a deed of trust (the "Deed of Trust") on the Property. *See id.* at Ex. B-3. Mr. Cunningham and Ms. Cunningham both executed the Deed of Trust, which was also witnessed and acknowledged before a notary. *See id.* The Deed of Trust conveyed the Property to Ornstein, as trustee, in favor of New Century, the beneficiary. *See id.*

The Complaint alleges that in June of 2005, approximately six months after Ms. Cunningham conveyed a joint interest in the Property to Mr. Cunningham and executed the Deed of Trust, this Court determined that Ms. Cunningham was incapacitated and appointed a conservator. *See id.* at I.1(b) and III.2. There is no allegation, however, that Ms. Cunningham had been determined to be incapacitated or that a conservator had been appointed at the time of

the conveyance of the Property and the execution of the Deed of Trust in December of 2004. *See id.*

Ms. Cunningham alleges that she was incapable of forming the mental capacity necessary to understand the ramifications of the deed to Mr. Cunningham and the Deed of Trust to Ornstein and New Century. *See id.* at III.2. However, she alleges no facts from which an inference could be drawn that Ornstein or New Century were aware of any disability she might have had at the time New Century made the loan. *See id.* at I.1(b) and III.2. She makes no factual allegations at all regarding any involvement in the transaction by Saxon other than its subsequent appointment as servicer of the Deed of Trust. *See id.* at I.5.

Faced with the fact that the Deed of Trust would not be voidable as to bona fide purchasers for value such as Ornstein and New Century, Ms. Cunningham couches her claims in terms of fraud. She alleges that "Premier and New Century entered into a scheme with John Cunningham to knowingly, maliciously, negligently, and willfully defraud Emma Cunningham of the ownership of the Property, purloin fees and repayments of the Loan from Emma Cunningham, and to purloin the Property from Plaintiff for no consideration." *See id.* at ¶ III.3. The Complaint similarly alleges that Saxon was part of the scheme to defraud Ms. Cunningham out of her ownership in the Property, although it does not even allege – nor could it – that Saxon, a subsequently appointed servicer, had any involvement at all in the conveyance of the deed or the Deed of Trust. *See id.* at ¶ 14. There is not a single fact alleged as to what New Century or Saxon did or said to defraud Ms. Cunningham or even as to how New Century or Saxon could have entered into any scheme to defraud.

The Complaint also goes on to allege that New Century failed to provide disclosures under the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and the D.C. Usury Act but

3

does not identify what information New Century allegedly failed to disclose. *See id.* at III.31. The Complaint also fails to allege any facts that would allow an inference that the alleged nondisclosures were material. *See id.*

## Law and Argument

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "The essential elements of common law fraud are: (1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation." *Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C. 1977). A complaint pleading fraud must allege "the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud." *See United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004). Conclusory allegations are not sufficient. *See id.*

The facts alleged must be sufficient at least to enable the court to draw an inference of fraud. *See id.* The Plaintiff must identify the alleged misrepresentation, the identity of the person who made the misrepresentation and the circumstances in which it was made, facts from which the defendants could be inferred to have known of its falsity, the actions taken by the plaintiff in reliance on the misrepresentation, and facts from which an inference could be drawn that such reliance was reasonable. *See id.*

Count I of the Complaint requests this Court to declare the Deed of Trust unenforceable based in part on its alleged procurement by fraud. Count II requests the Court to enjoin enforcement of the Deed of Trust on the same basis. Count III requests damages, punitive damages, costs, and attorney's fees allegedly resulting from the conveyances, the loan, and

4

payments on the loan, again on the same alleged basis. Count IV request the same relief against any assignee of the Deed of Trust. All of these counts depend on the basic allegation of fraud.

Even if Ms. Cunningham lacked the mental capacity to enter into a deed or deed of trust, a deed executed by a person lacking capacity is merely voidable, and not void *ab initio*. *See Atkinson v. McCulloh*, 132 A. 148, 672 (Md. 1926). It remains enforceable by a bona fide purchaser for value and without notice of the disability such as New Century, Ornstein, and Saxon. *See id.*

> [T]he contract of a person who has not been adjudicated *non compos mentis* is not void but voidable, and it is not even voidable at the arbitrary discretion of the incompetent person, but only in cases where the other party knew of the disability, or where there was some element of bad faith or unfairness in the contract itself.

*Id.*; *see also Flach v. Gottschalk Co. of Baltimore City*, 41 A. 908, 909 (Md. 1898) ("[T]he contract of a lunatic or drunken man, who by reason of his lunacy or drunkenness is not capable of understanding its terms or forming a rational judgment of its effects on his interests, is not void but only voidable at his option; *and this only if his state is known to the other party*").[1]

Therefore, the relief requested in Counts I, II, III, and VI of the Complaint all depends upon Ms. Cunningham's proof of a scheme to defraud. Because Ms. Cunningham has failed to

---

[1] *Flach* is cited with approval in *Cush v. Allen*, 13 F.2d 299 (D.C. 1926). Although the District of Columbia Court of Appeals has not had occasion to rule as to whether a contract made by a person lacking mental capacity is void or merely voidable, (*see MM&G Inc. v. Jackson*, 612 A.2d 186, 188 (D.C. 1992)), the law on point is well established in Maryland and is in accord with the general rule. *See* Restatement (Second) of Contracts § 15, comment f. The Maryland line of cases extends from precedent dating back to English cases long before the District's cession from Maryland in 1801. *See Flach*, 41 A. at 908 (citing *Beverley's Case*, 4 Co. Rep. 123 (K.B. 1603)). Therefore, the Maryland precedent is the law in the District of Columbia as well. *See* D.C. Code § 45-401 (common law and statutes in force in Maryland at time of cession remain in force in District of Columbia); *Douglas v. Lyles*, 841 A.2d 1, 5 n. 5 (D.C. 2004) ("a Maryland Court of Appeals decision expounding the common law of that state is an especially persuasive authority when the District's common law is silent").

state any of the circumstances constituting fraud with particularity, she therefore cannot proceed with her other attempts to depend on her legally insufficient fraud allegations. Fed. R. Civ. P. 9(b).

Ms. Cunningham has also failed to state a claim with respect to Counts IV and V, which allege, again conclusorily, that New Century failed to make disclosures required under the federal Truth in Lending Act and the D.C. Usury Act. The Complaint fails, however, to allege what information New Century failed to disclose. The Complaint therefore fails to place the Defendants on notice as to the basis of Counts IV and V and fails to allege facts justifying an inference that any of the information not disclosed was material. In order to warrant rescission of a contract under 15 U.S.C. § 1635 or, by extension, D.C. Code § 28-3301, "the plaintiff must show at the least that the nondisclosure of which he complains was 'that which a reasonable consumer would view as significantly altering the "total mix" of information made available.'" *Davis v. Federal Deposit Ins. Corp.*, 620 F.2d 489, 492 (5th Cir. 1980) (quoting *Ivey v. United States Dep't of Hous. & Urban Dev.*, 428 F. Supp. 1337, 1343 (N.D. Ga. 1977)). The Complaint makes no factual allegations raising an inference that any alleged nondisclosures were material.

### Conclusion

The Complaint is insufficient. It is based principally on unsupported claims of fraud with no factual support whatsoever. Ms. Cunningham identifies not a single misrepresentation or other fraudulent conduct on the part of any of the defendants. Counts I, II, III, and VI of the Complaint should be dismissed. Furthermore, because Ms. Cunningham does not identify any information allegedly not disclosed to her at the time of the execution of the Deed of Trust, and because she provides no factual basis supporting an inference that such alleged nondisclosures were material, Counts IV and V of the Complaint should be dismissed as well.

Accordingly, Saxon and Ornstein respectfully request this Court to dismiss the Complaint with prejudice.

**Oral Hearing Requested**

Date:  September 20, 2005

Respectfully submitted,

SAXON MORTGAGE SERVICING, INC.,
STEPHEN F.J. ORNSTEIN, ESQ.
By Counsel

_____/s/ Deborah B. Baum_____
Deborah B. Baum, P.C.  (DC Bar No. 393019)
Matthew J. MacLean  (DC Bar No. 479257)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, NW
Washington, DC  20037-1128
Telephone:  202-663-8000
Facsimile:  202-663-8007

Saxon Mortgage Servicing, Inc.
and Stephen F.J. Ornstein, Esq.

## Certificate of Service

I certify that on September 20, 2005, I caused a copy the foregoing to be filed electronically and served by first class, postage prepaid, U.S. mail upon each of the following:

Robert Bunn, Esq.
910 17th Street, NW
Suite 800
Washington, DC  20006-2606
*Counsel and Conservator for*
*Plaintiff Emma Cunningham*

Adam M. Spence, Esq.
105 West Chesapeake Avenue
Suite 400
Towson, MD 21204-4542
*Counsel for New Century Mortgage Corporation*

Leo A. Roth, Jr., Esq.
110 South Washington Street
Rockville, MD  20850
*Counsel for Pinnacle Title and Escrow, Inc.*

Brian L. Moffet, Esq.
Catherine Bledsoe, Esq.
Gordon, Feinblatt, Rothman, Hoffberger
   & Hollander, LLC
The Garrett Building, 233 East Redwood Street
Baltimore, MD  21202-3332
*Counsel for Premier Financial Co.*

John Cunningham
6858 West Forest Road
Hyattsville, MD  20785


                                        /s/ Deborah B. Baum
                                        Deborah B. Baum