UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Emma Cunningham, ) | |
| By and Through her Court Appointed ) | |
| Conservator, Robert Bunn, Esq., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 05-cv-1693 |
| ) | RBW (Judge Walton) |
| New Century Mortgage Corporation, et al. ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS SAXON MORTGAGE SERVICES, INC. AND STEPHEN F.J. ORNSTEIN'S MOTION TO DISMISS AND TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT OF PREMIER FINANCIAL COMPANY**

Plaintiff Emma Cunningham, by her court-appointed Conservator Robert Bunn, opposes the Defendants Saxon Mortgage Services, Inc. ("Saxon") and Stephen F.J. Ornstein's Motion to Dismiss ("Saxon Motion") that was filed on September 20, 2005, and the Motion to Dismiss Plaintiff's Complaint of Premier Financial Company ("Premier") that was filed on September 22, 2005 ("Premier Motion"). The Premier Motion incorporated the Saxon Motion so this Opposition will apply to both Motions.

The Plaintiff opposes the Motions on the grounds that the Complaint meets the requirements of Fed. R. Civ. P. 9(b) (2) to plead fraud with particularity. The allegations in the Complaint contain sufficient facts from which, under the cases interpreting Rule 9(b), there is sufficient notice given to the Defendants so that they may answer the Complaint.

There are sufficient allegations of lack of capacity and lack of consideration to state a claim that the Deed of Trust ("Deed of Trust") given by Emma Cunningham and John Cunningham to New Century Mortgage Corp. ("New Century") is void.

I.   APPLICABLE LAW

When a complaint is subject to a Fed. R. Civ. P. ("Rule") 12(b) (6) Motion, the Court must assume that all allegations are true and will resolve all doubts and inferences in the plaintiff's favor. The Court views the complaint in the light most favorable to the plaintiff. In Re Rockefeller Center Properties, Inc. Securities Litigation, 311 F. 3d 198, 215 (3rd Cir. 2002) ("Rockefeller Center Properties"); Gregson v. Zurich American Insurance Company, 322 F. 3d 883, 885 (5th Cir. 2003). Dismissals under Rule 12(b) (6) are disfavored because of the notice pleading requirements of Rule 8. Rule 12(b) (6) dismissals are infrequently granted. Id. They are only granted where the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Rockefeller Center Properties, 215.

Under Rule 8, the complaint need not recite all of the evidence needed to prevail at trial. The complaint is just the starting point. Id.; Rule 8. The amount of particularity that is required when pleading fraud varies on a case by case basis and depends upon the level of access that the pleader has to the specific facts. Of utmost importance to this case is the rule that, when the facts which are necessary to plead the fraud are peculiarly within the defendant's knowledge, the Courts will relax the particularity requirements under Rule 9(b). Rockefeller Center Properties, 216.

II.   FRAUD

The fraud counts are stated with sufficient particularity.

The Saxon Motion's most emphasized point is that the allegations of fraud do not meet the particularity requirements of Rule 9(b). The refutation of that point begins with reviewing the relevant allegations which shows their sufficiency. The Complaint alleges, inter alia, the following in Paragraphs II(1-9) and III(1-25).

2

Emma Cunningham, a ninety-two year old woman, was diagnosed with dementia of the Alzheimer's type on May 4, 2004. The Complaint appends a letter from the physician that examined Mrs. Cunningham at that time, and who also continued as her physician, setting forth that fact. The Complaint alleges that the incapacity continued from the date of initial diagnosis through the writing of the Complaint, which would include the date the Deed of Trust was signed.

The Complaint alleges that John Cunningham (Mrs. Cunningham's grandson and a parolee residing in a drug rehabilitation program), New Century, Saxon, and Premier defrauded Mrs. Cunningham by having her first, on December 20, 2004, deed a one-half interest in her property to John Cunningham. Then they had a loan in the amount of $120,000 made to John Cunningham on December 20, 2004, which was secured by the home that was formerly solely owned by Mrs. Cunningham. Mrs. Cunningham and John Cunningham signed the Deed of Trust, but only John Cunningham signed the Note. The Complaint alleges that Saxon became the holder or servicer of the Note.

The Note, Deed of Trust, and Deed are attached to the Complaint. The Settlement Sheet is also attached, and these exhibits show that the loan funds were obtained and used solely by John Cunningham. Mrs. Cunningham received no consideration for either the deeding of the property to John Cunningham or for utilizing her interest in the property as security for a Note, the proceeds from which went solely to John Cunningham, and none to Mrs. Cunningham.

According to the Settlement Sheet, fees were paid to the lenders and the title company out of the Note proceeds which were then secured by Mrs. Cunningham's ownership interest in the property. The Complaint also alleges that Mrs. Cunningham's account was fraudulently used to pay the mortgage and that the Defendants knew that Mrs. Cunningham did not have sufficient

3

funds to pay the loan. Therefore, the property would be lost through foreclosure. The Complaint alleges that Saxon and the other Defendants knew that Mrs. Cunningham did not know she did not have the resources to repay the loan, and that they knew that she did not know that she had to repay the loan. Inferentially, <u>Gregson</u> v. <u>Zurich American Insurance Co.</u>, supra., they did not tell her that she did not have the resources, or that she had to repay the loan, or that she could lose her house.

The exhibits to the Complaint clearly show that the loan funds were received and were used by John Cunningham alone. For example, the Deed of Trust defines "Borrower" as John Cunningham and Emma Cunningham. Complaint, Ex. B-1 at 1. But the Note is only signed by John Cunningham and states in the first paragraph "In return for a loan that <u>I received</u>". Complaint, Exhibit B-2 at 1, 4 (emphasis supplied). This is a clear statement that only John Cunningham received the loan proceeds. Another example is that a $17,000 child support obligation was paid out of the funds from the closing. Complaint, Ex. D at 2. This had to have been John Cunningham's obligation since it is ludicrous to believe that a ninety-two year old woman would have a child support obligation, or that such an item would not have alerted the Defendants that Mrs. Cunningham was being defrauded.

The Note shows that Mrs. Cunningham was fraudulently deceived because she was not informed by the Defendants, including Saxon and Premier, that she would not receive any loan proceeds. She did not sign the Note, so in considering this Rule 12(b) (6) Motion, the Plaintiff is entitled to the favorable inference that she did not know, and thus was not informed, that John Cunningham received all of the loan proceeds. <u>Gregson</u> v. <u>Zurich American Insurance Co.</u>, supra. This was information material to Mrs. Cunningham's decision to sign the Deed of Trust.

4

Since all allegations must be taken as true in analyzing the Saxon Motion and Premier Motion, Rockefeller Center Properties, 215, the Court must accept, as though proven, that the proceeds of the loan went entirely to John Cunningham, that Mrs. Cunningham's property was solely used to secure the loan, Mrs. Cunningham's funds were used to repay the loan, and that she received no consideration for these detriments.

It should also be noted that Saxon stresses the point that the Deed of Trust was notarized before a Notary Public. To be valid in the District of Columbia, a Deed of Trust must be recorded and notarized. D.C. Code §42-801. However, the notary on the Deed of Trust, as can be seen in the exhibits, was performed by a Maryland notary. The title company has told the undersigned that contrary to the statement in the Settlement Sheet, the execution by Mrs. Cunningham occurred in Washington, D.C. If that statement is true, the Deed of Trust is invalid on its face since a Maryland notary cannot perform an acknowledgment within the District of Columbia. D.C. Code §42-143(a).

The facts necessary to plead the time and place of the misrepresentations, fraudulent statements and actions by the Defendants are completely within the Defendants' knowledge. Mrs. Cunningham, who suffers from dementia of the Alzheimer's type, cannot relate to the undersigned what happened on which days and at what hours. Mrs. Cunningham is suffering from short term memory loss and cannot remember what was said. Therefore, the only means of discovering the exact time, place, and content of the fraudulent utterances and actions is through discovery.

Dementia is defined as "a syndrome characterized by loss of intellectual capacity involving not only memory but also cognition, language, spatial skills, and personality." Handbook of Geriatric Assessment in Clinical Gerontology, 42 (P. Lichtenberg, ed. 1999)

5

("Lichtenberg").  "The essential feature of dementia is impairment in short and long-term memory associated with impairment in abstract thinking, impaired judgment, other disturbances of higher cortical function, or personality change."  <u>Diagnostic and Statistical Manual of Mental Disorder</u>, 103 (American Psychiatric Association 1987) ("APA").  Some of the observable affects of dementia are:

> Memory impairment is usually the most prominent symptom initially.  In mild Dementia there is moderate memory loss, more marked for recent events, such as forgetting names, telephone numbers, directions, conversations, and events of the day.  In more severe cases, only highly learned material is retained, and new information is rapidly forgotten.  The person may leave a task unfinished because of forgetting to return to it after an interruption.  This may cause a person to leave the water running in the sink or to neglect turning off the stove.  In advanced stages of Dementia, memory impairment is often so severe that the person forgets the names of close relatives, his or her own occupation, schooling, birthday, or, occasionally, even his or her own name
> . . .
> Impaired judgment and impulse control are also commonly observed.  Coarse language, inappropriate jokes, neglect of personal appearance and hygiene, and a general disregard for the conventional rules of social conduct are evidence of bad judgment and poor impulse control.  A previously cautious businesswoman may embark on a reckless business venture. Id., 104.

Since the allegations of dementia must be taken as true and in the light most favorable to the Plaintiff, <u>Rockefeller Center Properties</u>, 215, these symptoms and observable traits of dementia must be taken as fact.  Mrs. Cunningham was incapable of remembering events from minute to minute at the time of the December 20, 2004 transaction.  She is certainly incapable today of relating to the undersigned the specific representations made to her at the time of the transaction.  Because Mrs. Cunningham is unable to recall events and dates, the information on specific fraudulent actions and statements is within the Defendants' knowledge alone.  These facts must be obtained by the Conservator through discovery.

The Defendants have in their possession the facts with which to answer the Complaint.  The Complaint tells them the approximate date of the fraudulent actions on the part of the

6

Defendants. They know from the Complaint that Mrs. Cunningham was diagnosed with dementia on May 1, 2004 and that the transaction occurred on December 20, 2004. They know that the conversations and discussions between Mrs. Cunningham, John Cunningham, and the other Defendants would have occurred between those dates.

They can consult their documentation, which would reveal the discussions that took place within that time period. They are not at a disadvantage since they have the closing documents. Mrs. Cunningham does not have any of the closing documents, except for the documents that are attached as exhibits to the Complaint. These documents were obtained from Premier Financial by the undersigned, which claims that it had no other documents. Although they were asked, none of the other of the Defendants, especially Saxon, would provide the undersigned any of the closing documents. Defendant Pinnacle Title and Escrow, Inc. ("Pinnacle Title") claimed that it had lost its whole file. If the Complaint were dismissed because of a lack of particularity of facts, the Defendants' own recalcitrance in not disclosing facts would be rewarded.

The Defendants ignore the settled rule that a fraud can be perpetrated by failing to state essential facts as well as making positive misrepresentations. W. Prosser, Torts, 711-712 (3rd ed. 1964) ("Prosser"). The Complaint states that the Defendants failed to deliver truth in lending disclosures which would have been a fraudulent omission. The exhibits, especially the Note, demonstrate that Mrs. Cunningham did not know that John Cunningham received all of the loan funds since she did not sign the Note, and, therefore, inferentially, did not read it. Also, the Defendants did not tell Mrs. Cunningham she did not have the resources to repay the loan. All inferences are to be analyzed in the Plaintiff's favor. Gregson v. Zurich American Insurance Co., supra. Additionally, as lenders to a person of limited capacity who did not have all of the material information (such as her not receiving any benefit from the loan) possessed by the

7

lenders, including Saxon and Premier, the lenders owed her a fiduciary duty to disclose this information.  See Prosser, supra.  The non-disclosure by a fiduciary constitutes fraud.  Id.  In fact, in the District of Columbia, even innocent misrepresentations when made to induce a business transaction are actionable.  Stein v. Treger, 182 F. 2d 696 (DC Cir. 1949).

Obviously, the Conservator is not able to learn from Mrs. Cunningham what was not told to her prior to the transaction by the Defendants due to her memory loss.  The particular words that were not disclosed are peculiarly within the Defendants' knowledge just as the positive misrepresentations.  Therefore, the particularity rules should be relaxed.  Rockefeller Center Properties, supra.

Since the Plaintiff cannot assist her Conservator by supplying facts for the pleadings, and the Defendants are totally uncooperative in giving the Conservator information, the Conservator must rely on the facts that can be discerned from the documents he possesses.  The Court cannot reward the obstreperous behavior of the Defendants in not cooperating by allowing them to prevail on a Motion to Dismiss.  They have withheld facts from the Plaintiff which they knew could not be obtained from Mrs. Cunningham because of her dementia.  A dismissal predicated on such resistance would encourage other defendants to act with similar recalcitrance.  In this type of situation, the rules of pleading fraud with particularity are relaxed since the facts are peculiarly within the knowledge of the Defendants.  Rockefeller Center Properties, 216.  The Defendants are not prejudiced since they have been given sufficient facts in the Complaint to answer.  The Complaint satisfies the fraud pleading rules of Rule 9(b).

III.    LACK OF CAPACITY AND CONSIDERATION

The Saxon Motion advances several demonstrably incorrect arguments in an attempt to buttress their specious claim that the Complaint should be dismissed.  They seem to suggest that

there are no grounds other than fraud on which the Complaint can be grounded, thus making fraud vital, and then asserting that the fraud claims are not pled with particularity. However, fraud is not the only ground for voiding the Deed of Trust. The Complaint pleads the grounds of lack of mental capacity to enter into a contract and lack of consideration.

The Saxon Motion states that there was never a Conservator appointed for Mrs. Cunningham until after the Deed of Trust was signed and recorded. It makes no difference whether a Court found incapacity and then appointed a Conservator if Mrs. Cunningham were incapacitated, in fact, at the time that the Deed of Trust was signed. If she was incapacitated at the time of signing the Deed of Trust, then the Deed of Trust is void under District of Columbia law. Indeed, the fact that Mrs. Cunningham did not have a Conservator when the Deed of Trust was signed, combined with the facts that are reiterated in Section II above that gave notice that Mrs. Cunningham was being financially exploited, should have been an indication that the loan should not have been consummated without a Conservator being appointed.

The Saxon Motion mistakenly launches into a discussion of the Maryland law pertaining to voiding deeds of trust. This exposition is irrelevant because the District of Columbia Circuit and the District of Columbia Court of Appeals have clearly ruled on more than one occasion that a person who lacks the mental capacity to execute a deed or mortgage may have the instrument declared void and unenforceable. Boynton v. Burrows, 167 F. 2d 759, 760 (DC Cir. 1948); Holmes v. Jones, 343 F. 2d 301, 302 (DC Cir. 1968) (per curiam)[1]; see Butler v. Harrison, 578 A. 2d 1098 (DC 1990). The District of Columbia Circuit cases decided before February 1, 1971 are the case law of the District of Columbia unless overruled en banc by the District of Columbia Court of Appeals. M.A.P. v. Ryan, 285 A. 2d 310 (DC 1971).

---

[1] The Holmes v. Jones panel consisted of Chief Judge Bazelon, Senior Circuit Judge Edgerton, and Circuit Judge (later Chief Justice) Burger.

9

In Butler v. Harrison, supra., involving whether to set aside a deed, the District of Columbia Court of Appeals said that: "The test of mental capacity to contract is whether the person in question possesses sufficient mind to understand, in a reasonable manner, the nature, extent, character, and effect of the particular transaction in which she is engaged . . . whether or not she is competent in transacting business generally." Butler v. Harrison, supra., 1100. The Butler v. Harrison Court cited Boynton v. Burrows, supra., as authority on how to prove incapacity.

Holmes v. Jones held that a deed of trust, even in the hands of a bond fide purchaser for value without notice, is void and unenforceable where the original conveyor of property did not understand the transaction and was over eighty years old. Holmes v. Jones, supra., 302. The Court stated:

> "The trial court properly held that the conveyance from appellee to the Suttons was 'void and of no effect' on the ground that appellee, who was at the time of the conveyance more than eighty years old, had not been properly informed and did not realize that the documents she signed were conveyances of her property. It follows that the Suttons had no title in the Montana Avenue property to support the second trust deed they executed. Even assuming that appellant took that deed as a bona fide purchaser without notice of the irregularity in the transaction between appellee and the Suttons, he has no enforceable interest in the property." Holmes v. Jones, 302 (emphasis supplied).

This is the law that would apply in the District of Columbia. These cases clearly make the Deed of Trust subject to being declared void when incapacity is shown.

The Complaint adequately sets forth the basis for finding incapacity. The letter from the physician that examined Mrs. Cunningham on May 1, 2004, seven months prior to the execution of the Deed of Trust, clearly shows that she was suffering from dementia. As the Complaint alleges, the dementia as defined in Section II above would have prevented Mrs. Cunningham from forming the requisite mental capacity to execute the Deed of Trust. As stated in Section II

10

above, the Plaintiff's dementia, which must be taken as true, would have rendered her incapable of understanding her obligations.  Lichtenberg, supra.; APA, supra.  The Complaint alleges that the dementia continues - which means in the light most favorable to Plaintiff, that it existed on the date the Deed of Trust was signed.

The Defendants claim that they had no notice that Mrs. Cunningham lacked capacity and that they were bona fide purchasers for value.  Bona fide purchaser for value status would be a defense, Holmes v. Jones, supra., 302, and there are no facts in the Complaint that establish that there was any value given by Saxon or Premier, or that there was a lack of notice to the Defendants of Mrs. Cunningham's incapacity.  The Defendants have not answered or otherwise affirmed any facts establishing bona fide purchaser status.

Even if there was notice, the Deed of Trust is void as to Saxon since Mrs. Cunningham was incapacitated when it was signed.  Id.  There is no consideration that is stated in the Complaint or affirmed by the Defendants that was given to Mrs. Cunningham.  The lack of adequate consideration would independently void the Deed of Trust as to a bona fide purchaser. Boynton v. Burrows, supra.

Assuming bona fide purchaser status could save any of the Defendants, New Century, Premier, Pinnacle Title, and Saxon would all have been on notice of Mrs. Cunningham's incapacity by virtue of the exhibits that are set forth in the Complaint.  They show that no consideration was given to Mrs. Cunningham either for her property being transferred to Mr. Cunningham or for the giving of the Deed of Trust.  She did not sign the Note.  The lack of consideration is evident from the fact that Mr. Cunningham alone signed the Note, and the Settlement Sheet and Note show that the proceeds went to Mr. Cunningham alone.  There was no consideration for Mrs. Cunningham's account being used to pay the loan.  The Defendants had to

11

be aware of Mrs. Cunningham's age since they would have had to have known her age to be sure that she was of legal age to convey property. The facts would have placed them on notice that there was a problem with the capacity of Mrs. Cunningham to sign the Deed and Deed of Trust.

The physician's letter attached as Exhibit C to the Complaint indicates that the symptoms of dementia were observable. The lack of the ability of the Plaintiff to recall any financial or professional details indicates that the Defendants would have observed the same symptoms when she appeared at closing. There were enough facts to place them on notice that she lacked capacity.

The Complaint does not state that any value was given by any subsequent assignee or by New Century or Premier for the Deed of Trust. The Defendants have not answered and stated that any value has been given. It is mystifying as to where the Defendants receive their purported bona fide purchaser for value status.

The Deed of Trust from Mrs. Cunningham must have a debt to support it or it is not enforceable. E.g. Pioneer Annuity Life v. National Equity Life, 765 P. 2d 550, 557 (Ariz App. 1988). The Deed, without which there could be no Deed of Trust, needed to be supported by adequate consideration. Boynton v. Burrows, supra., 760. The Deed of Trust has no consideration flowing between Mrs. Cunningham and either Premier, New Century, Saxon, or John Cunningham. There is no argument or evidence in the documents attached to the Complaint that Mrs. Cunningham is acting as a guarantor or surety for John Cunningham. She derives no benefit, only detriment, from the Deed of Trust. Under these facts, there is no adequate consideration for the Deed or Deed of Trust. Thus, the Deed and Deed of Trust are void on the grounds of a lack of consideration. Id.

Holmes v. Jones clearly makes the Deed of Trust void, not just voidable[2]. This is the only means of assuring that subsequent holders or servicers such as Saxon thoroughly investigate the circumstances of the signing of deed of trusts when they are placed on notice that there may be a problem with the capacity of the signatory. They should not be allowed to escape the penalty of forfeiting all of their investment by pretending that they had no knowledge of the incapacity of the Deed of Trust signatory.

The argument that there was no notice of any incapacity is fallacious. The Defendants would have been placed on notice that Mrs. Cunningham did not have capacity due to her dementia and that there was a legal infirmity to the Deed of Trust since it lacked consideration. All of the benefit flowed to the lenders and John Cunningham, and all of the detriments flowed to Mrs. Cunningham. These facts are all stated and ascertainable from the Complaint and the exhibits thereto. Also, the face of the Deed of Trust, as outlined in Section II above, demonstrates that the Deed of Trust is void because it is not properly notarized.

IV.   DISCLOSURE

The Defendants argue that the Complaint does not state what information was not disclosed that was required to be disclosed by the Truth in Lending Regulation and by the District of Columbia usury statute. The Complaint clearly states that none of the information required in those regulations and statutes was given. Complaint, Paras. III(31), IV(E)(1). It could not be more clearly stated that there was no information given. The recourse of the Defendants, if they can do so honestly, is to deny the allegation.

V.   CONCLUSION

---

[2] It may be that under District of Columbia law if Mrs. Cunningham were "a woman of more than average business experience" and the only grounds for questioning the validity of the conveyance were misrepresentations, then the instruments might only be voidable. Holmes v. Jones, supra., 302, n.1; Osin v. Johnson, 243 F. 2d 653, 654 (D.C. Cir. 1957). But here, Mrs. Cunningham is incapacitated and not "of more than average business experience". Id.

The Complaint alleges fraud with sufficient particularity to satisfy the cases under Rule 9(b). This is especially true since the particularity rules are relaxed where, as here, the facts to provide particularity are solely within the Defendants' knowledge. The Complaint sufficiently alleges the basis for voiding the Deed of Trust for incapacity, lack of adequate consideration, and fraud. The Complaint also sufficiently alleges that none of the information required by the Truth in Lending Regulation and the District of Columbia usury law was disclosed to Mrs. Cunningham. Voidance is the remedy in the District of Columbia for all of these defects in the Deed of Trust and Deed.

For the stated reasons, the Saxon Motion and the Premier Motion should be denied.

Respectfully submitted,

_____
Robert Bunn, Esq.
D.C. Bar No. 124677
910 17th Street, N.W.
Suite 800
Washington, D.C. 20006-2606
(202) 293-5552
*Conservator for Emma Cunningham*

CERTIFICATE OF SERVICE

 The undersigned hereby certifies that a copy of the foregoing pleading was mailed by first class U.S. mail, postage prepaid, to the following persons on the _____ day of October, 2005:

Adam M. Spence, Esq.
105 West Chesapeake Avenue
Suite 400
Towson, MD  21204

Michelle Patail, Esq.
Venable, LLP
575 7th Street, N.W.
Washington, D.C.  20004-1601

Timothy J. Capurso, Esq.
Brian L. Moffett, Esq.
Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, MD  21202-3332

John Cunningham
Phoenix Program
521 N. Quincy Street
Arlington, VA  22203

Leo A. Roth, Jr., Esq.
110 South Washington Street
Rockville, MD  20850

                _____
                Robert Bunn