IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EMMA CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-CV-1693-RBW |
| | ) | |
| NEW CENTURY MORTGAGE | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DEFENDANTS SAXON MORTGAGE SERVICES, INC.
AND STEPHEN F.J. ORNSTEIN'S REPLY BRIEF IN SUPPORT
OF THEIR MOTION TO DISMISS

### Introduction

Plaintiff asserts a fraud claim based solely on conclusory allegations that the

Defendants entered into some (as yet undefined) scheme to defraud the Plaintiff.  Plaintiff

makes none of the requisite allegations in the Complaint concerning the time, place and

content of misrepresentations or omissions of each of the Defendants.  Plaintiff fails, for

example, to specify the alleged role of each of the Defendants in the alleged scheme of

which Plaintiff complains.  Rule 9(b) expressly contemplates pleading with particularity;

not completely generalized pleading with some additional specifics supplied through a

Rule 12 opposition brief as Plaintiff attempts to do in this case.  The information sought

by Defendants is necessary for Defendants to adequately appraise and respond to

Plaintiff's claims.  Scienter is a critical element of any fraud claim brought by or on

behalf of any plaintiff and, despite the alleged infirmities of Emma Cunningham detailed

in Plaintiff's opposition brief, far more is required of Plaintiff, through her conservator

and counsel, under Rule 9(b).

Defendants Saxon Mortgage Services, Inc. ("Saxon") and Stephen F.J. Ornstein

("Ornstein") do not seek any more detail of the basis for Plaintiff's claim than what is

currently in the possession of Plaintiff's conservator and counsel.  Rather, Defendants

merely seek sufficient information concerning the factual basis for Plaintiff's allegations

of fraud to respond adequately to those allegations.  Although there are numerous

documents attached to the Complaint, those documents do not buttress Plaintiff's

conclusory allegations of fraud which plainly fail to meet the particularity requirements

of Rule 9(b).  Finally, the Court should not accept Plaintiff's invitation to shift the burden

of proof to Defendants or to shift the presumption that a suggestion of incompetence

(unknown to these Defendants) makes the underlying contract documents void *ab initio*.

That is not the law of the District of Columbia.

## ARGUMENT

**A.    The Complaint Does Not Sufficiently Appraise Defendants Saxon and Ornstein Of The Bases For Plaintiff's Fraud Claim.**

Under Rule 9(b), to adequately plead a fraud claim, a plaintiff must allege "the

time, place and content of the false misrepresentations, the fact misrepresented and what

was retained or given up as a consequence of the fraud."  *See United States ex rel.*

*Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004)

(*citation omitted*); *In re Rockefeller Ctr. Prop. Inc. Sec. Litig.*, 311 F.2d 198, 224 (3d Cir.

2002) ((*cited by Plaintiffs*), refusing to infer fraud from circumstances surrounding the

transaction).  The specificity requirements of Rule 9(b) are designed to prevent plaintiffs

from alleging fraud in the *hope* of uncovering evidence of wrongdoing.  *See In re U.S.*

*Office Prods. Cos. Sec. Litig.*, 251 F. Supp. 2d 77, 101 (D.D.C. 2003) (Rule 9(b) is intended to prevent the filing of complaints as a pretext for the discovery of unknown wrongs). This appears to be what Plaintiff seeks to do in this case.

The Complaint is completely devoid of any specific facts that demonstrate that Defendants knowingly engaged in unlawful, *i.e.*, fraudulent conduct or the role each Defendant purportedly played in the scheme. The Plaintiff's conservator asserts that he lacks access to relevant information. However, the numerous documents attached to the Complaint undermine the conservator's argument. It appears that the conservator is in possession of the documents underlying this case, including the Gift Deed, the Deed of Trust, the Note and Settlement Statement.[1] As acknowledged in *In re Rockefeller*, the case Plaintiff relies on to assert that the Rule 9(b) pleading requirements should be relaxed (Pl. Br. at 8), even in cases where the defendants control the relevant information "boilerplate and conclusory allegations will not suffice . . . [p]laintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible." *In re Rockefeller Ctr. Prop. Inc. Sec. Litig.*, 311, F.2d at 216 (*citation omitted*).

**B.    A Critical Element Of Any Fraud Claim, Scienter, Is Lacking.**

Assuming *arguendo* that Emma Cunningham was incompetent at the time the transaction at issue took place, there is nothing in the documents attached to the Complaint that suggests that Defendants Saxon and Ornstein *knew* she was incompetent, but nevertheless proceeded with the transaction. Controlling authority in this jurisdiction

---

[1] A significant portion of Plaintiff's brief includes factual assertions that are not in the Complaint or evident from the face of the documents attached to the Complaint. Those additional assertions should not be considered in determining whether the Plaintiff has met Rule 9(b)'s requirements. *See United States ex rel. Williams*, 389 F.3d at 1256 (D.C. Cir. 2004).

requires a showing of *intentional* misrepresentations or omissions on the part of

Defendants to establish fraud. *See In re U.S. Office Prods. Cos. Sec. Litig.*, 251 F. Supp.

2d at 101 (fraud requires showing of false representation of material fact that defendant

knew was false and intended to deceive plaintiff). Plaintiff alleges nothing from which

the Court could reasonably conclude that Defendants Saxon and Ornstein were "in on"

some fraudulent scheme to defraud Ms. Cunningham. Obviously Defendants would not

have seen the letter attached to the Complaint noting that Ms. Cunningham exhibited

signs of dementia in May 2004—that letter is dated June 14, *2005*—and the transaction at

issue took place in December 2004. (Complt. at Ex. C.) That Ms. Cunningham signed

the Deed of Trust, but not the Note does not somehow suggest fraud. This is particularly

true with respect to Defendants such as Saxon and Ornstein who were not present at

closing for the execution of the documents at issue, nor did such Defendants process the

grandson John Cunningham's loan application.

In sum, there is nothing on the face of the Complaint or in the accompanying

exhibits that explains how Saxon, the loan servicer, or Ornstein, the trustee who was

assigned the Deed of Trust after it was executed, would have knowledge of

Ms. Cunningham's condition at the time she executed the Gift Deed and the Deed of

Trust. Such allegations are required under Rule 9 (b). *See In re U.S. Office Prods. Cos.*

*Sec. Litig.*, 251 F. Supp. 2d at 101.

**C.    The Deed Of Trust Is Not Invalid On Its Face.**

The Settlement Statement provides that the closing took place in Maryland, at the

offices of Defendant Pinnacle Title and Escrow, Inc.'s ("Pinnacle"). (Complt. at Ex. D.)

The Deed of Trust was notarized by a Maryland notary. Even if the Plaintiff's

unsupported assertion that the closing occurred in the District of Columbia is correct, the

Deed of Trust is not rendered invalid simply because it was notarized by a Maryland

notary. Plaintiff's argument to the contrary misstates the law. (Pl. Br. at 5.) In *Bynum v.*

*Equitable Mortg. Corp.*, 2005 WL 818619, at * 11 (D.D.C. Apr. 2005), U.S. District

Judge Conlon specifically rejected the argument made by Plaintiff. In that case, the

Court held the notarization of the Deed of Trust executed in the District of Columbia, by

a Maryland notary, did *not* invalidate a recorded Deed of Trust. *Id.* As Plaintiff states in

the Complaint, the Deed of Trust was recorded on December 28, 2004. (Complt. ¶ 3.)

### D.     Plaintiff's Allegations Of Incompetence Do Not Render The Deed Of Trust Void.

Plaintiff alleges (through her conservator) that she was diagnosed with dementia

before she executed the Deed of Trust. However, under such circumstances she still

bears the burden of alleging and proving that she was incompetent at the time she

executed the Deed of Trust. *See Uckele v. Jewett*, 642 A.2d 119, 122 (D.C. App. 1994)

("there is a presumption that an adult is competent to enter into an agreement and the

burden of proof is on the party asserting the incompetency" (internal quotation omitted));

*Gibson v. Collins*, 4 F.2d 874, 878 (D.C. App. 1925) ("Old age, eccentricity, *partial*

*impairment of mental faculties*, delusion or lapses of memory not affecting the immediate

transaction, are not sufficient basis for setting aside a conveyance, if grantor possesses

sufficient mental capacity to comprehend the nature of the transaction." (*emphasis*

*added*)).

It is *not* presumed under District of Columbia law that Ms. Cunningham was

incompetent as suggested in Plaintiff's opposing brief. (Pl. Br. at 9-10.) Rather, it is

presumed that Plaintiff *was* competent and it is Plaintiff's burden to allege and prove

-5-

otherwise. *Uckele*, 642 A.2d at 122. This presumption remains even if the Plaintiff was in fact diagnosed with dementia before the transaction at issue took place. Indeed, in *Uckele* the District of Columbia Court of Appeals found that "the party asserting incompetency to contract is required to establish not merely that the person suffers from mental disease or defect such as dementia, but that such mental infirmity rendered the person incompetent to execute the particular transaction." *Id.* at 122. In *Uckele*, the court found that a man was competent to execute a conveyance of real property to his son even though there was some evidence that he suffered from some memory loss and lived in unsanitary conditions at the time of the execution. *Id.* It should also be noted that, to the extent Plaintiff is asserting that fraud is an independent basis to set aside the Deed of Trust, under District of Columbia law, the Deed of Trust is not voidable as to bona fide purchasers who do not have knowledge of the fraud. *See Osin v. Johnson*, 243 F.2d 653, 656 (D.C. Cir. 1957) (bona fide purchasers took title despite prior fraud in prior conveyance).

Although Plaintiff asserts that the closing documents show that Ms. Cunningham did not receive any consideration, such an assumption can not be made based on the documents alone. (Pl. Br. at 4.) As Plaintiff acknowledged, John Cunningham lived with his grandmother for a number of years and may have been charged with her care. It is not clear whether he used any of the loan proceeds to care for his grandmother or her home (and such matters are not referenced in the Complaint). Even assuming the truth of Plaintiff's allegations, for the purpose of deciding whether dismissal is warranted, Plaintiff's reliance on an Arizona case to assert that the alleged lack of consideration

-6-

renders the Deed of Trust unenforceable should be disregarded. (Pl. Br. at 12). Plaintiff

fails to cite any case law from this jurisdiction to support her assertion.

## CONCLUSION

For the foregoing reasons and the reasons stated in Defendants Saxon and

Ornstein's Opening Brief in support of their Motion to Dismiss, Plaintiff's Complaint

should be dismissed.

Date: October 13, 2005                              Respectfully submitted,

                                                    SAXON MORTGAGE SERVICING, INC.,
                                                    STEPHEN F.J. ORNSTEIN, ESQUIRE
                                                    By Counsel

David W. Goewey, Esquire (D.C. Bar 414257)
Michelle L. Patail, Esquire
VENABLE  LLP
575 7th Street, N.W.
Washington, D.C.  20004-1601
Telephone:  (202) 344-4853
Facsimile:  (202) 344-8300

DC2/687468v2

## CERTIFICATE OF SERVICE

I certify that on October 13, 2005, I caused a copy the foregoing to be filed

electronically and served by U.S. mail, postage prepaid, upon each of the following:

Robert Bunn, Esq.
910 17th Street, N.W.
Suite 800
Washington, D.C.  20006-2606
*Counsel and Conservator for Plaintiff Emma Cunningham*

Adam M. Spence, Esq.
The Law Offices of Adam M. Spence, P.C.
105 W. Chesapeake Avenue
Suite 400
Towson, MD  21204
*Counsel for Defendant New Century Mortgage Corporation*

Leo A. Roth, Jr., Esq.
110 South Washington Street
Rockville, MD 20850
*Counsel for Defendant Pinnacle Title and Escrow, Inc.*

Brian L. Moffet, Esq.
Catherine Bledsoe, Esq.
Gordon, Feinblatt, Rothman, Hoffburger   & Hollander, LLC
The Garrett Building, 233 East Redwood Street
Baltimore, MD  21202
*Counsel for Defendant Premier Financial Co.*

John Cunningham
6858 West Forest Road
Hyattsville, MD  20785

Matthew J. MacLean, Esq.
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, N.W.
Washington, D.C.  20037-1128
*Counsel for Defendants Saxon Mortgage Servicing, Inc.*
*and Stephen F.J. Ornstein, Esq.*

Michelle Patail