UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Emma Cunningham, ) | |
| By and Through her Court Appointed ) | |
| Conservator, Robert Bunn, Esq., ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Case No. 05-cv-1693 |
| ) | RBW (Judge Walton) |
| New Century Mortgage Corporation, et al. ) | |
| ) | |
|     Defendants ) | |

**PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANT PINNACLE TITLE AND ESCROW, INC. TO DISMISS**

Plaintiff Emma Cunningham, by her court-appointed Conservator Robert Bunn, opposes the Motion of Defendant Pinnacle Title and Escrow, Inc. to Dismiss filed on October 19, 2005 ("Motion"). The Motion is filed under Fed. R. Civ. P. 12(b)(6), and asks that the Complaint be dismissed for failure to state a claim for which relief can be granted and for failure to plead fraud with particularity.

Pinnacle Title and Escrow, Inc. ("Pinnacle") states that the Plaintiff has not made specific factual allegations under Fed. R. Civ. P. 9(b). They incorporate by reference the Motion to Dismiss, presumably filed by Defendants Saxon Mortgage Services, Inc. and Stephen F.J. Ornstein. Therefore, the undersigned hereby incorporates by reference its Opposition field October 3, 2005 to the Motion to Dismiss of Saxon Mortgage Services, Inc. and Stephen F.J. Ornstein ("Opposition"), and the Response filed October 18, 2005 to the Reply by those Defendants to the Opposition ("Response"). Whenever Defendants, Saxon Mortgage Services,

Inc. or Stephen F.J. Ornstein are referred to in the Opposition or Response, Pinnacle is deemed to be included in that reference.

With particular reference to the Motion, Pinnacle states that it was acting as a settlement agent pursuant to directions given to it by the lender, and they did not participate in any of the negotiations or discussions between the parties on the loan in question and subsequent to the agreement for the loan, the lender gave instructions to Pinnacle to conduct the settlement. Pinnacle gives the bare statement that it was not in any position to know whether Ms. Cunningham was or was not competent.

All of these allegations are inappropriate in a Motion to Dismiss and disregard the rules that the facts are taken as true and that fraud need not be pled with particularity when the knowledge is peculiarly in the possession of the Defendants. The facts alleged by Pinnacle belong in an Answer, and not in a Motion to Dismiss where the facts pled in the Complaint are deemed to be true.

I.   Applicable Law

When a complaint is subject to a Fed. R. Civ. P. ("Rule") 12(b)(6) Motion, the Court must assume that all allegations are true and will resolve all doubts and inferences in the plaintiff's favor. The Court views the complaint in the light most favorable to the plaintiff. In Re Rockefeller Center Properties, Inc. Securities Litigation, 311 F. 3d 198, 215 (3rd Cir. 2002) ("Rockefeller Center Properties"); Gregson v. Zurich American Insurance Company, 322 F. 3d 883, 885 (5th Cir. 2003). Dismissals under Rule 12(b)(6) are disfavored because of the notice pleading requirements of Rule 8. Rule 12(b)(6) dismissals are infrequently granted. Id. They are only granted where the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Rockefeller Center Properties, 215.

Under Rule 8, the complaint need not recite all of the evidence needed to prevail at trial. The complaint is just the starting point. Id.; Rule 8. The amount of particularity that is required when pleading fraud varies on a case by case basis and depends upon the level of access that the pleader has to the specific facts. Of utmost importance to this case is the rule that, when the facts which are necessary to plead the fraud are peculiarly within the defendant's knowledge, the Courts will relax the particularity requirements under Rule 9(b). Rockefeller Center Properties, 216.

II.   Rule 9(b) Is Satisfied

The Complaint alleges that Ms. Cunningham suffered from dementia from May, 2004 through and including the closing date of December 20, 2004 and through the date of filing the Complaint. A letter from her treating physician clearly states that she was diagnosed with dementia in May, 2004 and the Complaint alleges that condition continued. Complaint, III, 1, 2, and Ex. C. Because of her dementia, Ms. Cunningham did not have the capacity to knowingly execute the Deed or Deed of Trust (as those terms are defined in the Complaint), Complaint, III, 4, and could not relate to the Conservator any of the particular conversations, identity of the parties, or verbatim statements surrounding the loan transaction that is the subject of the Complaint. Therefore, the knowledge of what occurred is peculiarly within the cognizance of the Defendants.

Among those Defendants was Pinnacle, and the Complaint alleges that Pinnacle conducted the settlement, held itself out as acting as settlement attorney for all the parties, that Pinnacle knew or should have known that Emma Cunningham did not have the requisite mental capacity to execute the Deed, and that they negligently, willfully, and fraudulently allowed her to execute the Loan Documents despite her lack of capacity. These acts and omissions of Pinnacle

caused Ms. Cunningham to unknowingly incur a $120,000 encumbrance on the Property (as defined in the Complaint) and unknowingly convey a ½ interest in the Property to John Cunningham, and pay fees to the other Defendants. Complaint, III, 23, 24, and 25.

The Conservator had to decipher the substance of the fraud from the documents appended to the Complaint which were mostly prepared by Pinnacle, including the Settlement Sheet. Pinnacle told the Conservator that they had lost their entire file.  Now they ask that the Plaintiff plead with particularity, conversations and verbatim representations made by them to the Plaintiff.  If the Conservator cannot obtain the information from the Plaintiff, and when he asked Pinnacle to voluntarily give information, they refused, the Conservator had no choice but to use the information that could be garnered from the documents.

The particular acts or omissions of Pinnacle and their date and place of occurrence have to be found through discovery.  <u>Rockefeller Center Properties</u>.  Pinnacle's own negligence and recalcitrance should not be rewarded by being the reasons for the dismissal.

III.    <u>Fraud Is Pled Sufficiently</u>

Pinnacle states that the law of the District of Columbia requires the Plaintiff to show that the Defendant made false representations of material facts.  Motion, 2.  This is an incorrect interpretation of the law.

Since the title company has told the Conservator that the documents were signed in the District of Columbia although the notary forms state that Ms. Cunningham appeared in Maryland, and if the relationship between the parties was centered in the District of Columbia, it may be that the law of the District of Columbia does apply to whether Pinnacle was negligent or committed fraud.  <u>Nelson</u> v. <u>Nationwide Mortgage Corp.</u>, 659 F. Supp. 611 (DDC 1987).  If the documents were actually signed in Maryland, and the relation between the parties was centered

4

in that state, then the negligence or fraud of Pinnacle would be determined under the law of Maryland.

It makes no difference, however, which jurisdiction's law applies. In both jurisdictions, Pinnacle could be held liable to the Plaintiff for either tort, even if Pinnacle had been hired by the lender, when as alleged, the title company holds itself out as settlement attorney for both parties. Security National Bank v. Lish, 311 A. 2d 833, 834-835 (DC 1973); Flaherty v. Weinberg, 492 A. 2d 618, 625-626, 628-630 (MD 1985); see Stone v. Chicago Title Insurance Co., 624 A. 2d 496, 498-500 (MD 1993). The following substantive analysis of the fraud allegations is based on District of Columbia law because with Ms. Cunningham's dementia, it is unlikely that she traveled to Maryland for conversations with Pinnacle. In addition, the Motion seems to agree that District of Columbia law applies.

In the District of Columbia, fraud consists of not only misrepresentations but also failures to disclose material facts when there is a duty to disclose. Pyre v. Jamaica Nutrition Holdings, Ltd., 497 A. 2d 118, 131 (DC 1985); Coughlin v. U.S., 209 F. 2d 165, 173 (DDC 2002); Greene v. Gibraltar Mtg. Inv. Corp., 488 F. Supp. 177 (DDC 1980) ("Greene"). The Complaint alleges that the settlement attorney acted for both parties. This assumed role imposes a duty to disclose on the title company. See Security National Bank v. Lish, supra. The denial of that fact by Pinnacle in its Motion is material for an Answer, not for a Motion to Dismiss where all of the allegations are accepted as true. Rockefeller Center Properties.

Assuming that the allegations are true, there was a duty on the part of the settlement attorney to reveal to Ms. Cunningham that her deeding of the property and encumbering her property for the benefit of John Cunningham, who received all of the loan proceeds, could result in the loss of her property. They had a duty to reveal to her that the loan proceeds were being

5

used not for her but for John Cunningham as shown by the Settlement Sheet and Note. Complaint, Ex. B-2 at 1, and Ex D at. 2. The Complaint pleads that they failed to disclose those material facts to Emma Cunningham. This is fraud under District of Columbia law. Pyre v. Jamaica Nutrition Holdings, Ltd.; Greene.

Pinnacle did not have to make actual representations, but merely fail to disclose material facts that they should have disclosed to Ms. Cunningham. They also failed to disclose to her that she did not have the mental capacity to enter into the documents. Pinnacle should have known that Mrs. Cunningham's incapacity would void the Deed of Trust and Deed. Greene; Holmes v. Jones, 343 F. 2d 301, 302 (DC Cir. 1968) (per curiam).

The documents, as shown in the Opposition and Response and as the Complaint clearly shows, had enough indices of Ms. Cunningham's mental incapacity to place the title company on notice of her cognitive impairment. They had to have known her age of ninety-two to know that she was of the age of majority. They could see that there was no consideration for the transaction. She was encumbering a mortgage free home - since no existing mortgage was being paid on the Settlement Sheet - for the benefit of John Cunningham who received the entire $120,000 under the Note. The proceeds were used to pay his obligations as is shown by Page 2 of the Settlement Sheet. Her account was used to pay the loan, yet she received no proceeds. Complaint, III, 19. It is alleged that all of the "Defendants", which included Pinnacle, knew that fact. At her age, she was giving a ½ interest in her home that was debt free and receiving absolutely nothing in return.

There are enough indices alleged to have placed Pinnacle on notice that Ms. Cunningham did not have the capacity to execute the Deed of Trust or the Deed. If the many indications of incapacity that are cited in the Complaint would not alert any reasonable settlement agent that

6

the person executing the documents did not have sufficient capacity to understand the transaction, the agent must have been as psychologically impaired as Ms. Cunningham.

On the morning of December 20, 2004, Ms. Cunningham, a lady in her 90's owned her own home without any debt and had a bank account receiving monthly annuity checks. By the evening of that day, her debt free home and bank account had vanished and she had nothing – all due to the fraudulent acts and omissions of the Defendants. It was the same as if that day she had been pillaged of all her possessions.

As stated above, as can be inferred from the changed notary form (which contains the words "in said District", Complaint, Exhibit B-1, notary page, and as told to the undersigned by Pinnacle, the signature of Ms. Cunningham was obtained in the District of Columbia at her home[1]. It may have been notarized later in Maryland, or it was notarized in the District of Columbia. In either event, the notary was fraudulent because if the notarization took place in the District of Columbia, it was by an out-of-state notary public who had no authority to notarize in the District of Columbia. D.C. Code §§42-143(a) and 42-404(a) and (c); Jackson v. Byrd, No. 825-01 RP (DC Super. Ct., Opinion dated August 25, 2003) ("Jackson"). If the notarization took place in Maryland, then there was a fraudulent notary because Ms. Cunningham did not appear in Maryland. If the notarization occurred in the District of Columbia, and the seal was placed in the District of Columbia, it was still a fraudulent notary because the notary says that Ms. Cunningham appeared in Maryland.

In all events, the notary would be fraudulent and the execution of the Deed and Deed of Trust was thereby fraudulently obtained. Pinnacle had fraudulently allowed Ms. Cunningham to

---

[1] Pinnacle does not deny the statements in the Opposition at 5 and Response at 6 related by Pinnacle to the Conservator.

execute the documents since the Notary Public worked for Pinnacle[2]. Complaint, III, 24, 25. The documents would be void because of the fraudulent notary. Jackson.

Pinnacle caused Ms. Cunningham to sign fraudulently notarized documents and failed to prevent her from executing such documents, which violated their duty and resulted in additional fraudulent conduct toward her. Jackson, supra; Greene. In the District of Columbia, notaries have a duty to "make sure the person has no physical characteristics that could affect his or her ability to understand what is taking place. <u>Satisfy yourself that the person understands the nature and effect</u> of the document to be notarized." Manual for Notaries Public of the District of Columbia, §10.3 (American Society of Notaries 1992). (emphasis supplied). Indices which Notaries are required to observe are "<u>poor eyesight and advanced age</u>." Id. (emphasis in original).

The Complaint alleges that Pinnacle did not perform these duties since it should have known the Plaintiff did not have the requisite mental capacity yet allowed her to execute the documents that also had a fraudulent notary. Complaint, III, 24.[3] These allegations are set forth in the Complaint in plain enough fashion so that Pinnacle can answer.

The Motion should be denied since the rule on particularity of pleading fraud is relaxed when the particular facts of any acts or omissions are peculiarly within the Defendants'

---

[2] Saxon Mortgage Services, Inc., in its Reply, asked the Court to follow Bynum v. Equitable Mortgage Corp., 99 CV 2266 (DDC, Opinion dated April 7, 2005) ("Bynum") which held that a Deed of Trust was not void although a Maryland notary public notarized its execution in the District of Columbia. This Court should not follow Bynum but should follow Jackson since Bynum is poorly reasoned, cited no authority, is contrary to the majority rule, e.g., Garry v. Serrato, 699 S.W. 2d 275 (Tex. App. 1985); Frazer v. McMillan, 179 N.E. 564 (Ind. 1932), and violated the tenet of this Court that when construing District of Columbia statutes such as the notary acts, the Court will first consult District of Columbia cases construing those statutes. In Re Smith's Estate, 77 F. Supp. 217, 218 (DDC 1948). Importantly, at the time of the Cunningham closing, Jackson was District of Columbia law which the notary public should have followed. This Court should follow Jackson under these principles and void the conveyances because they have a fraudulent acknowledgement stating that Emma Cunningham was in Maryland when, according to Pinnacle, she signed the documents in the District of Columbia.

[3] Even Bynum recognized in citing Jackson that "a notary acts as a final gatekeeper against fraud…" Bynum, 21 citing Jackson at 6.

8

knowledge. There are certainly acts of omission and commission of Pinnacle that were alleged in the Complaint that arise to fraud under District of Columbia law. The Complaint alleges enough facts that would have placed Pinnacle on notice of Ms. Cunningham's incapacity.

    For the stated reasons, the Motion should be denied.

Respectfully submitted,

_____/s/_____
Robert Bunn, Esq.
D.C. Bar No. 124677
910 17th Street, N.W.
Suite 800
Washington, D.C. 20006-2606
(202) 293-5552
*Conservator for Emma Cunningham*

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing pleading was mailed by first class U.S. mail, postage prepaid, to the following persons on the _____ day of October, 2005:

Adam M. Spence, Esq.
The Law Offices of Adam M. Spence, P.C.
105 West Chesapeake Avenue
Suite 400
Towson, MD  21204
*Counsel for Defendant New Century Mortgage Corporation*

David W. Goewey, Esq.
Michelle Patail, Esq.
Venable, LLP
575 7th Street, N.W.
Washington, D.C.  20004-1601
*Counsel for Defendants Saxon Mortgage Services, Inc.*
*and Stephen F.J. Ornstein, Esq.*

Brian L. Moffett, Esq.
Catherine Bledsoe, Esq.
Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC
The Garrett Building
233 East Redwood Street
Baltimore, MD  21202-3332
*Counsel for Defendant Premier Financial Co.*

John Cunningham
6858 West Forest Road
Hyattsville, MD  20785

Leo A. Roth, Jr., Esq.
110 South Washington Street
Rockville, MD  20850
*Counsel for Defendant Premier Financial Co.*


                                     _____/s/_____
                                     Robert Bunn