IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMMA CUNNINGHAM,                    )
By and Through her Court Appointed  )
Conservator, Robert Bunn, Esq.      )
                                    )
                    Plaintiff       )
                                    )
        v.                          )        Case No. 05-cv-1693
                                    )        RBW (Judge Walton)
NEW CENTURY MORTGAGE                )
CORPORATION, et al.                 )
                                    )
                    Defendants      )

**MOTION FOR PRELIMINARY INJUNCTION**

Robert Bunn, Conservator for Emma Cunningham, herewith invokes the equitable powers of this Honorable Court and respectfully requests that it enter preliminary injunctive relief as follows:

1)      that the Deed of Trust executed on December 20, 2004, by Emma Cunningham et al., in favor of Stephen J. Ornstein, Esq., Trustee, which encumbers 911 Evarts Street, N.E., or Square 3843 Lot 13, be released; and

2)      Plaintiff be allowed to deposit a portion of the proceeds from the pending sale of this property, in an amount sufficient to defray the obligations incurred pursuant to said Deed of Trust into the registry of the court, pendente lite.

The Court is referred to the accompanying exhibits and Memorandum of Points and Authorities in support of his Motion for further elucidation.

Pursuant to **Local Civ. Rule 65(d)**, the Applicant submits that expedition is essential in that the sale of the affected Property is anticipated to take place by the end of January 2006.

WHEREFORE, Plaintiff Robert Bunn prays that this Motion for Preliminary Injunction be granted.

Respectfully submitted,

_____/s/_____
Robert Bunn, Esq.
D.C. Bar No. 124677
*Conservator for Emma Cunningham*

_____/s/_____
William T. Bennett, Esq.
D.C. Bar No. 209148
*Counsel for Conservator*

910 17th Street, NW
Suite 800
Washington, DC 20006
(202) 293-5552

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMMA CUNNINGHAM,                        )
By and Through her Court Appointed      )
Conservator, Robert Bunn, Esq.          )
                                        )
               Plaintiff                )
                                        )
          v.                            )        Case No. 05-cv-1693
                                        )        RBW (Judge Walton)
NEW CENTURY MORTGAGE                    )
CORPORATION, et al.                     )
                                        )
               Defendants               )

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

**Background**

Plaintiff Emma Cunningham, by and through her court appointed Conservator, Robert

Bunn, Esq., instituted the present suit over certain real estate transactions involving the property

she had owned since 1951 at 911 Evarts Street, N.E., Washington, DC (hereinafter "the

Property"). Ms. Cunningham, 92 years old at the time of the filing of this suit, was diagnosed

with Alzheimer's dementia on May 4, 2004. (Verified Complaint, passim; see also Exhibit A to

Motion, Harris Affidavit,[1] para. 2, 3).  In June 2005, two orders were issued from the Superior

Court of the District of Columbia whereby she was determined to be incapacitated, unable to

manage her financial, daily living and health affairs. (Verified Complaint, passim).

---

[1]  The original of this Affidavit is on file with the Superior Court of the District of Columbia, Civil Division,
<u>Cunningham v. Cunningham</u>, Intvp. No. 130-05.

On December 20, 2004, Defendant John Cunningham received a no consideration deed

for the Property.[2] On the same day, Defendant New Century Mortgage Corporation loaned him

$120,000 and took a Deed of Trust on the Property, which was cosigned by the Plaintiff, as well

as a promissory note from him in that face amount. She also cosigned several other documents

related to the closing of the Deed of Trust. The promissory note has since evidently been

transferred to Defendant Saxon Mortgage Services, Inc. The other Defendants in this case have

involvement in the closing or administration of the Deed of Trust. (Id.).

The gravamen of this suit is that Emma Cunningham clearly lacked the mental capacity

to comprehend or participate in these transactions involving the Property, or to give the Deed of

Trust at the time of signing the Deed of Trust. (Id.).

**The Present Situation**

Of immediate concern – prompting this Motion – is that the Property is at risk for

significant deterioration or destruction. It is presently vacant, boarded up, rodent- and vermin-

infested, and the subject of repeated break-ins. (Bunn Affidavit, para. 3). The roof and appliances

need to be replaced. Repairs need to be made to the structure, plumbing and mechanical systems;

Ms. Cunningham's estate does not have the funds to afford this work. (Id., paras. 7, 8). Also, the

house stands in danger of condemnation. (Id., para. 4).  Emma Cunningham has bills to be paid

totaling $50,901.43, which must be paid out of the sale proceeds.

Given Ms. Cunningham's lack of financial resources to upgrade the Property and the fact

that her present health condition does not permit her to reside further at the house (Id., para. 13),

her continued ownership of the Property serves no purpose. Her best solution is to sell it, and her

---

[2]   His purported interest in the Property has been extinguished, pursuant to an order of the Superior Court, and his
interest has been reconveyed to Ms. Cunningham. (Exhibit B, Bunn Affidavit, para. 11).

Conservator has two willing purchasers with signed contracts. (Id, para. 2; the two contracts are attached as Exhibits C and D hereto).

But while the sale is pending – to be closed at the end of January (Bunn Affidavit, para. 12) - the Deed of Trust remains outstanding as an encumbrance on the Property. The Property cannot be sold unless the Deed of Trust is paid or funds are escrowed to allow the settlement agent to pass title free and clear of the Deed of Trust.

RELIEF REQUESTED

Plaintiff contends that the Property should be sold, free of the encumbrance represented by the Deed of Trust. In lieu of the Deed of Trust, Defendants' possible rights should instead be protected through the deposit of sufficient proceeds from the sale into the registry of the Court pendente lite. The interests of all parties are thereby fully protected.

ARGUMENT

The criteria for the grant of a preliminary injunction are well settled, to wit:

1)  there is a substantial likelihood of success on the merits,

2)  the movant will suffer irreparable injury if the injunction is not granted,

3)  an injunction would not substantially injure other interested parties, and

4)  the public interest would be further by the injunction.

See, e.g., CityFed Financial Corp. v. Office of Thrift Supervision, 58 F.3d 738, 746, 313 U.S.App.D.C. 178 (1995).

**1.    There Is a Substantial Likelihood That Plaintiff Will Succeed on the Merits**

Count I of the Complaint seeks a declaratory judgment that the Deed of Trust be voided, partly on the grounds that Ms. Cunningham lacked the capacity to execute the instrument.

It is well settled in the District of Columbia that a person who lacks the mental capacity

to execute a deed or mortgage may have the instrument declared void and unenforceable.

Boynton v. Burrows, 167 F.2d 759, 83 U.S.App.D.C. 227 (1948); Holmes v. Jones, 343 F.2d

301, 120 U.S.App.D.C. 19 (1968) (per curiam); Butler v. Harrison, 578 A.2d 1098 (D.C. 1990).

As stated in Butler, at 1100:

> The test of mental capacity to contract is whether the person in question possesses
> sufficient mind to understand, in a reasonable manner, the nature, extent,
> character, and effect of the particular transaction in which she is engaged …
> whether or not she is competent in transacting business generally.

The Affidavit of Patricia Harris, M.D., establishes that she first diagnosed Ms.

Cunningham with dementia of Alzheimer's type on May 4, 2004, that the diagnosis was still

valid on December 20, 2004 (the date of the execution of the Deed of Trust) when she was still

the treating physician, and that it is her medical opinion that Ms. Cunningham could not have

formed the mental capacity to have understood the consequences and import of an instrument she

was executing.[3]

Plainly, Ms. Cunningham lacked the requisite mental capacity; therefore, the Deed of

Trust will be found void.

**2.    Ms. Cunningham Will Suffer Irreparable Injury, Absent the Injunction**

The instant suit primarily revolves around the issue of whether the Deed of Trust is void.

To deny the relief requested would effectively force the Conservator to either pay off the Deed of

Trust, in order to sell the Property, or else abandon any effort to sell it. The instant lawsuit would

be effectively decided in the Defendants' favor before it could be adjudicated. While the Plaintiff

could seek to amend the complaint so as to seek restitution of any moneys paid over to the

Defendants on the Deed of Trust at the closing of the sale of the Property, Defendants might be

---

[3]  While the Affidavit specifically refers to the Deed, a Deed of Trust executed on the same date clearly stands on
the same footing.

placed in an unnecessarily and unfairly stronger litigating position occasioned by such doctrines as satisfaction and waiver. It would be manifestly unjust to confer added advantages on the Defendants, especially when there is an alternate arrangement – escrow – that would fully protect their existing rights.  Also, the Court may not allow a complaint amendment.

### 3.    Defendants Will Not Be Prejudiced By the Requested Relief

If a sum sufficient to satisfy Defendants' contractual rights under the Deed of Trust – should that instrument ultimately be validated – is deposited in the Court's registry, then Defendants' possible rights are fully protected. They can look to that escrowed sum and not to the title encumbrance to the Property as their security.

### 4.    The Public Interest Will Be Advanced

The granting of this preliminary injunction will promote the orderly processing of real estate sales in this city and promote the orderly administration of this Court's docket. The Property will be transferred to a willing buyer, free of a complicating encumbrance. The Property will no longer deteriorate in habitability and value.  This lawsuit will continue on its present course, rather than effectively being transformed into a second lawsuit, on new legal theories and new defenses.

CONCLUSION

This is a court of equity. The requested relief will maintain the status quo in the litigation, while providing adequate protection for the Defendants, should they prevail in the suit. Accordingly, this Motion for Preliminary Injunction should be granted.

Respectfully submitted,


_____/s/_____
Robert Bunn, Esq.
D.C. Bar No. 124677
*Conservator for Emma Cunningham*


_____/s/_____
William T. Bennett, Esq.
D.C. Bar No. 209148
*Counsel for Conservator*

910 17th Street, NW
Suite 800
Washington, DC 20006
(202) 293-5552

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing pleading was mailed by first class U.S. mail, postage prepaid, to the following persons on the 27th day of January, 2006:

Adam M. Spence, Esq.
The Law Offices of Adam M. Spence, P.C.
105 West Chesapeake Avenue
Suite 400
Towson, MD 21204
*Counsel for Defendant New Century Mortgage Corporation*

David W. Goewey, Esq.
Michelle Patail, Esq.
Venable, LLP
575 7th Street, N.W.
Washington, D.C. 20004-1601
*Counsel for Defendants Saxon Mortgage Services, Inc.*
*and Stephen F.J. Ornstein, Esq.*

Brian L. Moffett, Esq.
Catherine Bledsoe, Esq.
Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC
The Garrett Building
233 East Redwood Street
Baltimore, MD 21202-3332
*Counsel for Defendant Premier Financial Co.*

John Cunningham
6858 West Forest Road
Hyattsville, MD 20785

Leo A. Roth, Jr., Esq.
110 South Washington Street
Rockville, MD 20850
*Counsel for Defendant Premier Financial Co.*

Patrick T. Hand, Esq.
4900 Massachusetts Avenue, N.W.
Suite 220
Washington, D.C. 20016
*Counsel for Emma Cunningham*


_____/s/_____
William T. Bennett