## AFFIDAVIT OF ROBERT BUNN

The undersigned deposes and affirms as follows:

1. I am the Conservator appointed by the Superior Court of the District of Columbia for Emma J. Cunningham, the owner of 911 Evarts Street, N.E., Washington, D.C. ("Property").

2. I have contracted to sell the Property by signing two contracts, one as a primary contract and the other as the "back-up" contract. The contracts are attached to the Motion to which this Affidavit is appended.

3. The house needs to be sold because it is vacant, is boarded up, is rodent and vermin infested, is the subject of break-ins, and I have continuously had to have the property re-boarded after it has been broken into by vandals and drug addicts.

4. The people in the neighborhood have informed me that if the house is not sold so it can be occupied, they will call the District government to have the house condemned. The house must be sold before they take any such action.

5. The mortgagee will not agree to escrow the portion of the sales proceeds that would represent the payment of the mortgage.

6. The sale proceeds representing the mortgage payoff need to be escrowed so that the litigation may continue without the threat of the house being destroyed by fire or its value depreciated.

7. The house needs a tremendous amount of work, which Ms. Cunningham has no money to perform and which only could be alleviated by selling the house - this is work such as the roof needing to be replaced, the appliances need to be replaced, and repairs need to be made to the structure, plumbing, and mechanical systems. The house also needs to be exterminated.

8. Because of the fact that Ms. Cunningham's funds were dissipated by the mortgage payments, she has no funds to perform any work on the Property or pay for repairs to the Property or other upkeep. All of the utilities have been turned off, thus there is a danger even though workmen have been paid to drain the pipes, that the pipes could still freeze and burst.

9. Ms. Cunningham has numerous bills which accumulated prior to and during the Conservatorship, including medical bills and payments for services at the house, and for services for having her placed in a group home and then in a nursing home. She has ongoing expenses such as a care manager to help with supervising her care at the nursing home and for purchases of personal items such as clothes and various items not covered by medical insurance, such as co-pays and certain items such as possibly a hearing aid, telephone, and glasses. There are also bills for the legal services which had to be retained during the Conservatorship and for the Trustee that transferred title to the Property.

10. Soon there will be no funds coming into the Conservatorship because the nursing home will shortly become the Representative Payee for Ms. Cunningham's social security and civil service benefits, which will be paid directly to the nursing home and there will be no funds to pay for any of the foregoing bills.

11. The Conservator obtained full title to the Property because in a suit in the intervention proceeding in the Superior Court, John Cunningham defaulted and the Court awarded as a default judgment the appointment of a Trustee to transfer John Cunningham's interest in the Property to Ms. Cunningham as a remedy. A lawyer was appointed to act as Trustee, and he transferred title to John Cunningham's half of the Property to Ms. Cunningham so that she now through her Conservator has full title to the Property.

12. The closing under the contracts would be at the end of January, 2006.

13. Ms. Cunningham cannot return to her home to live because she needs 24-hour care.

14. Ms. Cunningham would have been able to stay in her home using a reverse mortgage to pay for a caretaker, but for the fraudulently obtained mortgage encumbering her home.

_____
Robert Bunn

Subscribed and sworn to before me this 27th day of January, 2006.

_____
Notary Public

My commission expires: July 31, 2007.
[SEAL]